**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4029**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

BENNY WAYNE FRANKLIN,

            Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:07-cr-00428-WO-1)

Submitted:  April 22, 2010              Decided:  June 2, 2010

Before TRAXLER, Chief Judge, and MOTZ and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles H. Harp, II, CHARLES H. HARP, II, P.C., Lexington, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benny Wayne Franklin pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture and distribute 500 grams or more of methamphetamine and to possess pseudoephedrine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). The district court sentenced Franklin to 360 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. We affirm.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Franklin's guilty plea and that Franklin's substantial rights were not infringed. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Franklin entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Franklin's sentence, we review it under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we

"must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

3

In this case, the district court correctly calculated the advisory Guidelines range and heard argument from Franklin's counsel and allocution from Franklin. Although the court committed procedural error in failing to provide an individualized assessment of Franklin's case, we conclude that the court's omission did not affect Franklin's substantial rights. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010). Furthermore, neither counsel nor Franklin has put forth any factors to overcome the appellate presumption of reasonableness afforded Franklin's within-Guidelines sentence. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Franklin.

Finally, after review of Franklin's pro se brief, we conclude that it raises no meritorious issues for appeal. We therefore affirm the district court's judgment and deny Franklin's motions to withdraw the Anders brief and to appoint counsel. This court requires that counsel inform Franklin, in writing, of the right to petition the Supreme Court of the United States for further review. If Franklin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Franklin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>